IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Senior Judge Wiley Y. Daniel**

Civil Action No. 17-cv-02126-WYD-STV

Judith Sarnella, as personal representative of the estate of Deovalente Sarnella, deceased,

    Plaintiff,

v.

Eric Kuhns;
Phillip Medlin;
Jefferson County Sheriff Department,

    Defendants.

---

**ORDER ON MOTION TO DISMISS**

---

THIS MATTER is before the Court on Defendants' Motion to Dismiss for Insufficient Process and Insufficient Service of Process (ECF No. 16) filed February 12, 2018, and Plaintiff's Motion to Accept Out of Time Filing (ECF No. 18), filed March 7, 2018. Plaintiff filed their Response (ECF No. 17) after the deadline, but the Court will accept Plaintiff's Response.

Plaintiff Judith Sarnella, as personal representative for the Estate of Deovalente Sarnella (the "Estate"), filed this action on September 5, 2017, alleging three claims for relief stemming from Mr. Sarnella's death on September 2, 2015. The Complaint asserts three claims under 42 U.S.C. § 1983: negligence, wrongful death, and what appears to be an Eighth Amendment claim. (*See* ECF No. 1).

According to the docket report, the Clerk of Court issued summonses to the Estate for the Jefferson County Sheriff, Dep. Kuhns, and Dep. Medlin on September 6, 2017.

(ECF Nos. 3, 3-1, and 3-2). On November 27, 2017, the Estate filed returns of service for Defendants. (ECF Nos. 6, 6-1, and 6-2). Unlike the summonses issued on September 6, 2017, the summonses included with the returns of service do not bear the signature of the Clerk of Court, nor does it bear the seal, as required by Fed. R. Civ. P. 4(a)(1)(F) and (G).

Defendants contend that they have never received summonses compliant with Rule 4(a). Defendants further contend that, to date, Plaintiff has failed to properly serve Defendants within the requisite time frame pursuant to Rule 4(m). Defendants request that the action be dismissed pursuant to Fed. R. Civ. P 12(b)(4) due to insufficient process, and Rule 12(b)(5) for insufficient service of process.

Under rules 12(b)(4) and 12(b)(5), a "defendant may object to plaintiff's failure to comply with the procedural requirements for proper service set forth in or incorporated by Rule 4." *Richardson v. Alliance Tire & Rubber Co.,* 158 F.R.D. 475, 477 (D.Kan.1994) (quoting 5A C. Wright & A. Miller, *Federal Practice and Procedure* § 1353 (2d ed.1990)). "Rules 12(b)(4) and 12(b)(5) allow a defendant to defend against a claim on the grounds of insufficiency of process and insufficiency of service of process." *Whitsell v. United States,* 198 F.3d 260, 260 (10th Cir.1999) (citing Fed.R.Civ.P. 12(b)(4), 12(b)(5)).

Proper service is a jurisdictional prerequisite to litigation. "Effectuation of service is a precondition to suit ..." *Jenkins v. City of Topeka*, 136 F.3d 1274, 1275 (10th Cir.1998). Without proper service, the Court lacks personal jurisdiction over the Defendant. *Oklahoma Radio Associates v. FDIC*, 969 F.2d 940, 943 (10th Cir.1992).

In opposing a motion to dismiss for insufficient process or insufficient service of process, "plaintiff bears the burden of making a prima facie case that he has satisfied

2

statutory and due process requirements so as to permit the court to exercise personal jurisdiction over the defendant." *Allen v. United Properties & Const.*, No. 07–cv–00214–LTB–CBS, 2008 WL 4080035, at *9 (D.Colo. Sept. 3, 2008) (unpublished) (quoting *Fisher v. Lynch*, 531 F.Supp.2d 1253, 1260 (D.Kan.2008). Plaintiff must demonstrate that the procedure employed by him to effect service satisfied the requirements of Rule 4 of the Federal Rules of Civil Procedure. *Light v. Wolf*, 816 F.2d 746, 751 (D.C.Cir.1987). Even without a showing of good cause, the court retains broad discretion to extend the time for service even when the plaintiff has not shown good cause. Fed.R.Civ.P. 4(m); *Espinoza v. United States*, 52 F.3d 838, 840–41 (10th Cir.1995).

## I. Insufficient Process Under Rule 12(b)(4)

"A Rule 12(b)(4) motion constitutes an objection to the form of process or the content of the summons rather than the method of its delivery." *Oltremari by McDaniel v. Kan. Soc. & Rehab. Serv.,* 871 F.Supp. 1331, 1349 (D.Kan.1994) (citation omitted); *see United States v. Sharon Steel Corp.,* 681 F.Supp. 1492, 1499 n. 14 (D.Utah 1987). Among the requirements of Rule 4(a), the contents of a summons must be signed by the clerk and bear the court's seal. Fed.R.Civ.P. 4(a)(1)(F) and (G). If the summons is properly completed, the clerk must sign, seal and issue it to the plaintiff for service on each defendant. Fed.R.Civ.P. 4(b).

Here, Defendants highlight that Plaintiff has failed to properly serve proper summonses on any Defendant because the summonses were neither signed by the Clerk of the Court, nor did the summons bear the Court's seal. Indeed, the summonses

3

filed on November 27, 2017 do not bear the clerk's signature or the seal of the Court. (*See* ECF Nos. 6, 6-1, and 6-2). The only signature contained on the documents appears to be the signature of the process server.

A summons which is not signed and sealed by the Clerk of the Court fails to confer personal jurisdiction over the defendants. *Ayres v. Jacobs & Crumplar, P.A.*, 99 F.3d 565, 569 (3d Cir. 1996). Under such circumstances, "it becomes unnecessary for the district courts to consider such questions as whether service was properly made, or whether an extension to the [90]-day service period should be granted under Rule 4(m)." *Id.* A summons that is not signed by the clerk of the court or issued under seal of the court is incurably defective. *Cloyd v. Arthur Andersen & Co.*, 25 F.3d 1056 (10th Cir. 1994).

Defendants point out, and I agree, that, although it appears that the clerk may have issued valid summonses on September 6, 2017, Plaintiff failed to serve those documents to any Defendant. As such, I find that Plaintiffs failed to comply with Rule 4, and thus process is insufficient. Accordingly, the Complaint is dismissed under Fed. R. Civ. P. 12(b)(4), which provides the basis for dismissal based on insufficient process. *See Duran v. Dill*, No. 1:16-CV-00928-WJ-KK, 2016 WL 9818317, at *4 (D.N.M. Nov. 16, 2016).

II. **Insufficient Service of Process Under Rule 12(b)(5)**

In addition to insufficient process, Defendants request the Court to dismiss the Complaint due to insufficient service of process under Fed. R. Civ. P. (12)(b)(5) because plaintiff failed to properly serve Defendants within the requisite time frame.

"A Rule 12(b)(5) motion ... challenges the mode or lack of delivery of a summons and complaint." *Oltremari by McDaniel*, 871 F.Supp. at 1349 (citation omitted); *see United States v. Sharon Steel Corp.,* 681 F.Supp. at 1499 n. 14.

Rule 4(m) provides:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specific time. But, if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

The Tenth Circuit employs a two-step analysis for dismissal pursuant to Rule 4(m). *Womble v. Salt Lake City Corp.*, 84 F. App'x 18, 20 (10th Cir. 2003) (citing *Espinoza*, 52 F.3d at 841). The district court must first consider whether a plaintiff has shown good cause for failure to serve a defendant. *Id.* "If good cause is shown, the plaintiff is entitled to a mandatory extension of time. If the plaintiff fails to show good cause, the district court must still consider whether a permissive extension of time may be warranted." *Id.* The court may then, within its discretion, dismiss without prejudice or extend the time for service. *Id.*

Here, Plaintiff filed the Complaint on September 5, 2017, making December 4, 2017 the Rule 4(m) deadline. At the time of Defendants' Motion to Dismiss, one-hundred sixty (160) days have passed since the Complaint was filed, and seventy (70) days have elapsed since the expiration of the Rule 4(m) deadline. Plaintiff argues that Defendants' Motion should be denied because Defendants had actual notice, and that the unsigned and unstamped summons documents contained all relevant information.

5

(*See* ECF No. 17 at 1-2). Second, Plaintiff argues that because Defendants had actual notice, good cause exists to permit Plaintiff to cure any defect in service. (*Id*. at 2). Finally, Plaintiff argues that Defendants are not prejudiced if Plaintiff is allowed to cure the defects in service. (*Id*. at 3).

I find that Plaintiff has failed to establish good cause. First, inadvertence or negligence alone does not constitute "good cause" for failure of timely service. *In re Kirkland*, 86 F.3d 172, 176 (10th Cir. 1996). Additionally, mistake of counsel or ignorance of the rules also usually does not suffice. *Id*. (citation omitted). Second, even if Defendants had actual notice, such notice is not equivalent to a showing of good cause for pruposes of Rule 4(m). *Despain v. Salt Lake Area Metro Gang Unit*, 13 F.3d 1436, 1439 (10th Cir. 1994). Actual notice is not sufficient when there has been a complete failure to comply with the statutory requirements for service. *Fox v. California Franchise Tax Bd.*, 443 F. App'x 354, 364 (10th Cir. 2011).

Finally, as to prejudice, although a small delay in achieving service may not prejudice the defendant, "absence of prejudice to the defendants, by itself, does not equate to good cause on the part of the plaintiff[]." *Despain*, 13 F.3d at 1439. Moreover, it appears that Plaintiff waited until after Defendants' filed their Motion to Dismiss to attempt to cure any deficiencies in service. "The Plaintiff who seeks to rely on the good cause provision must show meticulous efforts to comply with the rule," which was not shown here. *In re Kirkland*, 86 F.3d at 176 (citing *Despain,* 13 F.3d at 1438.

For these reasons, I find that Plaintiff's Complaint should be dismissed without

prejudice pursuant to Fed. R. Civ. P. 12(b)(5) and 4(m) for insufficient service of process.

### III.     CONCLUSION

For the reasons stated herein, it is

ORDERED that Plaintiff's Motion to Accept Out of Time Filing (ECF No. 18), filed March 7, 2018, is **GRANTED**.  Further, it is

ORDERED that Defendants' Motion to Dismiss for Insufficient Process and Insufficient Service of Process (ECF No. 16) filed February 12, 2018, is **DISMISSED WITHOUT PREJUDICE.**  Further, it is

ORDERED that Plaintiff's Second Motion to Cure Defect in Service of Process (ECF No. 24), filed March 13, 2018, is **DENIED as MOOT.**

Dated:  March 23, 2018.

BY THE COURT:


s/ Wiley Y. Daniel
WILEY Y. DANIEL,
SENIOR UNITED STATES DISTRICT JUDGE